UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| ROSE BIGLER,<br>　　　　Plaintiff,<br>v.<br><br>LIFE INSURANCE COMPANY<br>OF NORTH AMERICA and<br>THE CURRY COLLEGE GROUP<br>DISABILITY PLAN,<br>　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 23-cv-11799 |

## ANSWER TO THE COMPLAINT

Defendant, Life Insurance Company of North America ("LINA")[1] respectfully answers the corresponding paragraphs in the Plaintiff's Complaint as follows:

1.    The allegations contained in the first sentence of Paragraph 1 are legal conclusions to which a response is not required.  LINA denies the allegations contained the second sentence of Paragraph 1.  LINA states that LINA issued group long-term disability policy number LK-964572 to Curry College ("Policy"), which funds long-term disability benefits under Curry College's long-term disability plan ("Plan") to the extent provided for in the Policy.  LINA also states that at the time she stopped working, Plaintiff was a participant in the Plan.

2.    LINA lacks knowledge or information sufficient to form a belief as to the reason Plaintiff filed suit and therefore denies the same.  Further, the allegations contained in Paragraph 2 are legal conclusions to which a response is not required.

3.    The allegations contained in Paragraph 3 are legal conclusions to which a response is

---

[1] The Curry College Group Disability Plan was dismissed by stipulation dated August 30, 2023. Document No. 7.

not required.  To the extent the allegations in Paragraph 3 are deemed to allege facts, they are denied.

4.      The allegations contained in Paragraph 4 are legal conclusions to which a response is not required.  LINA does not dispute jurisdiction.  LINA further states that LINA issued group long-term disability policy number LK-964572 to Curry College ("Policy"), which funds long-term disability benefits under Curry College's long-term disability plan ("Plan") to the extent provided for in the Policy.  LINA also states that at the time she stopped working, Plaintiff was a participant in the Plan.

5.      The allegations contained in Paragraph 5 are legal conclusions to which a response is not required.  LINA does not dispute jurisdiction.

6.      The allegations contained in the first sentence of Paragraph 6 are legal conclusions to which a response is not required.  LINA admits that Plaintiff has exhausted her administrative remedies.

7.      The allegations contained in Paragraph 7 are legal conclusions to which a response is not required.  LINA does not dispute venue.

8.      LINA admits the allegations contained in the first sentence of Paragraph 8.  The remaining allegations in Paragraph 8 are legal conclusions to which a response is not required.

9.      LINA admits it is a for-profit insurance company.  LINA denies the remaining allegations contained in the first sentence of Paragraph 9.  LINA admits the allegations in the second and third sentences of Paragraph 9.

10.     The allegations contained in Paragraph 10 are legal conclusions to which a response is not required.

11.     The allegations contained in Paragraph 11 are legal conclusions to which a response is not

required.

12.     The allegations contained in Paragraph 12 are legal conclusions to which a response is not required.  To the extent they are deemed to allege facts, they are admitted.

13.     LINA denies the allegations contained in Paragraph 13.

14.     LINA admits there is a Plan and states that the Plan documents speak for themselves but denies the allegations contained in Paragraph 14 to the extent they are inconsistent with the documents.

15.     LINA denies the allegations contained in Paragraph 15.

16.     LINA denies the allegations contained in Paragraph 16.

17.     LINA denies the allegations contained in Paragraph 17.

18.     The allegations contained in Paragraph 18 are legal conclusions to which a response is not required.  To the extent they are deemed to allege facts, they are denied.

19.     The allegations contained in Paragraph 19 are legal conclusions to which a response is not required.  To the extent they are deemed to allege facts, they are denied.

20.     The allegations contained in Paragraph 20 are legal conclusions to which a response is not required.  To the extent they are deemed to allege facts, they are denied.

21.     The allegations contained in Paragraph 21 are legal conclusions to which a response is not required.  To the extent they are deemed to allege facts, they are denied.

22.     The allegations contained in Paragraph 22 are legal conclusions to which a response is not required.  To the extent they are deemed to allege facts, they are denied.

23.     LINA admits the allegations contained in Paragraph 23.

24.     LINA denies the allegations contained in Paragraph 24.

25.     LINA admits the allegations contained in Paragraph 25.

26.    LINA admits Plaintiff attended a medical examination with Robert Swotinsky, MD that was arranged via a third-party vendor.  LINA denies the remaining allegations contained in Paragraph 26.

27.    LINA admits it terminated Plaintiff's benefits by letter dated March 19, 2020.  LINA denies the remaining allegations contained in Paragraph 27.

28.    LINA lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28 and therefore denies the same.

29.    LINA admits the allegations contained in Paragraph 29.

30.    LINA admits there is a review by Dr. Zoghbi dated January 28, 2021 and states that the document speaks for itself but denies the allegations in Paragraph 30 to the extent they are inconsistent with the document.

31.    LINA admits it overturned its decision to terminate Plaintiff's claim for life insurance waiver of premium benefits and states that letter was dated March 4, 2021 and that the letter speaks for itself but denies the allegations in Paragraph 31 to the extent they are inconsistent with the letter.

32.    LINA admits Plaintiff's life insurance waiver of premium benefit continues to this day. LINA denies the remaining allegations contained in Paragraph 32.

33.    LINA admits there is correspondence from Plaintiff's counsel to LINA dated March 15, 2021 and states that the document speaks for itself but denies the allegations contained in Paragraph 33 to the extent they are inconsistent with the document.

34.    LINA admits there is correspondence from LINA to Plaintiff's counsel dated March 17, 2021 and states that the document speaks for itself but denies the allegations contained in Paragraph 34 to the extent they are inconsistent with the document.

35.     LINA admits there is correspondence from Plaintiff's counsel to LINA dated April 15, 2021 and states that the document speaks for itself but denies the allegations contained in Paragraph 35 to the extent they are inconsistent with the document.

36.     LINA admits it upheld its termination of Plaintiff's long term disability benefits by letter dated April 15, 2021.  LINA denies the remaining allegations contained in Paragraph 36.

37.     LINA admits a second copy of the April 15, 2021 letter was mailed to Plaintiff's counsel on April 26, 2021.

38.     LINA admits there is correspondence dated April 22, 2021 from LINA to Plaintiff's counsel and states that the document speaks for itself but denies the allegations contained in Paragraph 38 to the extent they are inconsistent with the document.

39.     The allegations contained in Paragraph 39 are legal conclusions to which a response is not required.

40.     LINA admits there is correspondence from Plaintiff's counsel to LINA dated May 5, 2023 and states that the document speaks for itself but denies the allegations contained in Paragraph 40 to the extent they are inconsistent with the document.  In addition, LINA states that the May 5, 2023 correspondence is not part of the administrative record subject to judicial review in this case.

41.     LINA denies the allegations contained in Paragraph 41.

42.     LINA admits there is correspondence from Plaintiff's counsel to LINA dated May 17, 2023 and states that the document speaks for itself but denies the allegations contained in Paragraph 42 to the extent they are inconsistent with the document.  In addition, LINA states that the May 17, 2023 correspondence is not part of the administrative record subject to judicial review in this case.

5

43.     LINA denies the allegations contained in Paragraph 43.

44.     LINA admits there is correspondence from Plaintiff's counsel to LINA dated June 22, 2023 and states that the document speaks for itself but denies the allegations contained in Paragraph 44 to the extent they are inconsistent with the document.  In addition, LINA states that the June 22, 2023 correspondence is not part of the administrative record subject to judicial review in this case.

45.     LINA admits there is correspondence from LINA to Plaintiff's counsel dated July 10, 2023 and states that the document speaks for itself but denies the allegations contained in Paragraph 45 to the extent they are inconsistent with the document.  In addition, LINA states that the July 10, 2023 correspondence is not part of the administrative record subject to judicial review in this case.

46.     The allegations contained in Paragraph 46 are legal conclusions to which a response is not required.  To the extent they are deemed to allege facts, they are denied.

47.     The allegations contained in Paragraph 47 are legal conclusions to which a response is not required.

48.     The allegations contained in Paragraph 48 are legal conclusions to which a response is not required.  To the extent they are deemed to allege facts, they are denied.

49.     The allegations contained in Paragraph 49 are legal conclusions to which a response is not required.  To the extent they are deemed to allege facts, they are admitted.

50.     The allegations contained in Paragraph 50 are legal conclusions to which a response is not required.  To the extent they are deemed to allege facts, they are denied.

51.     The allegations contained in Paragraph 51 are legal conclusions to which a response is not required.  To the extent they are deemed to allege facts, they are denied.

52. The allegations contained in Paragraph 52 are legal conclusions to which a response is not required. To the extent they are deemed to allege facts, they are denied.

53. The allegations contained in Paragraph 53 are legal conclusions to which a response is not required. To the extent they are deemed to allege facts, they are denied.

54. The allegations contained in Paragraph 54 are legal conclusions to which a response is not required. To the extent they are deemed to allege facts, they are denied.

55. The allegations contained in Paragraph 55 are legal conclusions to which a response is not required. To the extent they are deemed to allege facts, they are denied.

56. The allegations contained in Paragraph 56 are legal conclusions to which a response is not required. To the extent they are deemed to allege facts, they are denied.

57. The allegations contained in Paragraph 57 are legal conclusions to which a response is not required. To the extent they are deemed to allege facts, they are denied.

58. The allegations contained in Paragraph 58 are legal conclusions to which a response is not required. To the extent they are deemed to allege facts, they are denied.

59. The allegations contained in Paragraph 59 are legal conclusions to which a response is not required. To the extent they are deemed to allege facts, they are denied.

60. LINA denies the allegations contained in the first sentence of Paragraph 60. The remaining allegations contained in Paragraph 60 are legal conclusions to which a response is not required. To the extent the remaining allegations are deemed to allege facts, they are denied.

61. The allegations contained in Paragraph 61 are legal conclusions to which a response is not required. To the extent they are deemed to allege facts, they are denied.

62. The allegations contained in Paragraph 62 are legal conclusions to which a response is not

required.  To the extent they are deemed to allege facts, they are denied.

63.    The allegations contained in Paragraph 63 are legal conclusions to which a response is not required.  To the extent they are deemed to allege facts, they are denied.

64.    The allegations contained in Paragraph 64 are legal conclusions to which a response is not required.  To the extent they are deemed to allege facts, they are denied.

65.    The allegations contained in Paragraph 65 are legal conclusions to which a response is not required.  To the extent they are deemed to allege facts, they are denied.

66.    The allegations contained in Paragraph 66 are legal conclusions to which a response is not required.  To the extent they are deemed to allege facts, they are denied.

67.    The allegations contained in Paragraph 67 are legal conclusions to which a response is not required.  To the extent they are deemed to allege facts, they are denied.

68.    The allegations contained in Paragraph 68 are legal conclusions to which a response is not required.  To the extent they are deemed to allege facts, they are denied.

69.    The allegations contained in Paragraph 69 are legal conclusions to which a response is not required.  To the extent they are deemed to allege facts, they are denied.

70.    The allegations contained in Paragraph 70 are legal conclusions to which a response is not required.  To the extent they are deemed to allege facts, they are denied.

71.    The allegations contained in Paragraph 71 are legal conclusions to which a response is not required.  To the extent they are deemed to allege facts, they are denied.

72.    The allegations contained in Paragraph 72 are legal conclusions to which a response is not required.  To the extent they are deemed to allege facts, they are denied.

73.    The allegations contained in Paragraph 73 are legal conclusions to which a response is not required.  To the extent they are deemed to allege facts, they are denied.

74. The allegations contained in Paragraph 74 are legal conclusions to which a response is not required. To the extent they are deemed to allege facts, they are denied.

75. The allegations contained in Paragraph 75 are legal conclusions to which a response is not required. To the extent they are deemed to allege facts, they are denied.

76. The allegations contained in Paragraph 76 are legal conclusions to which a response is not required. To the extent they are deemed to allege facts, they are denied.

77. The allegations contained in Paragraph 77 are legal conclusions to which a response is not required. To the extent they are deemed to allege facts, they are denied.

**FIRST CAUSE OF ACTION**
**(Enforcement of Terms of Plan Action for LTD Benefits) (ALL DEFENDANTS)**

78. LINA incorporates its responses to the allegations in Paragraphs 1 through 77 of the Complaint as if fully set forth herein.

79. LINA admits the allegations contained in Paragraph 79.

80. The allegations contained in Paragraph 80 are legal conclusions to which a response is not required. To the extent they are deemed to allege facts, they are denied.

81. The allegations contained in Paragraph 81 are legal conclusions to which a response is not required.

82. The allegations contained in Paragraph 82 are legal conclusions to which a response is not required. To the extent they are deemed to allege facts, they are denied.

83. The allegations contained in Paragraph 83 are legal conclusions to which a response is not required. To the extent they are deemed to allege facts, they are denied.

84. The allegations contained in Paragraph 84 are legal conclusions to which a response is not required. To the extent they are deemed to allege facts, they are denied.

85. The allegations contained in Paragraph 85 are legal conclusions to which a response is not

9

required.  To the extent they are deemed to allege facts, they are denied.

86.    The allegations contained in Paragraph 86 are legal conclusions to which a response is not required.  To the extent they are deemed to allege facts, they are denied.

**SECOND CAUSE OF ACTION**
**(Attorneys' Fees and Costs) (ALL DEFENDANTS)**

87.    LINA incorporates its responses to the allegations in Paragraphs 1 through 86 of the Complaint as if fully set forth herein.

88.    The allegations contained in Paragraph 88 are legal conclusions to which a response is not required.  To the extent they are deemed to allege facts, they are denied.

89.    The allegations contained in Paragraph 89 are legal conclusions to which a response is not required.

90.    The allegations contained in Paragraph 90 are legal conclusions to which a response is not required.  To the extent they are deemed to allege facts, they are denied.

91.    The allegations contained in Paragraph 91 are legal conclusions to which a response is not required.  To the extent they are deemed to allege facts, they are denied.

92.    The allegations contained in Paragraph 92 are legal conclusions to which a response is not required.  To the extent they are deemed to allege facts, they are denied.

93.    The allegations contained in Paragraph 93 are legal conclusions to which a response is not required.  To the extent they are deemed to allege facts, they are denied.

94.    The allegations contained in Paragraph 94 are legal conclusions to which a response is not required.  To the extent they are deemed to allege facts, they are denied.

95.    The allegations contained in Paragraph 95 are legal conclusions to which a response is not required.  To the extent they are deemed to allege facts, they are denied.

**AFFIRMATIVE DEFENSES**

1. LINA's decision as to Plaintiff's claims was reasonable and was not arbitrary, capricious, unreasonable, or erroneous as a matter of law.

2. LINA denies that Plaintiff is entitled to benefits under the Plans/Policies at issue. If the Court finds, however, that Plaintiff was entitled to benefits, the benefits payable to Plaintiff must be calculated in accordance with the applicable Plans/Policies including, but not limited to, a reduction by the amount of any Other Income Benefits received by the Plaintiff as defined under the applicable Plans/Policies and any other applicable overpayments.

3. If the Court determines that LINA materially erred in administering Plaintiff's claims for benefits under the terms of the applicable Plans and subject group policies or applicable law, which is denied, then the Court should remand the claim to LINA for further administrative processing in accordance with such determination before reaching any judicial decision as to Plaintiff's entitlement to benefits.

4. Plaintiff's claims are barred because Plaintiff has failed to demonstrate that she meets the Plans/Policies' definitions of disability or is otherwise entitled to benefits under the terms of the Plans and/or the subject policies.

5. To the extent that Plaintiff is asserting a claim for emotional distress, such claims are preempted and barred by the Employee Retirement Income Security Act of 1974, as amended.

6. To the extent that Plaintiff is asserting a claim for bad faith, such claims are preempted and barred by the Employee Retirement Income Security Act of 1974, as amended.

7. To the extent that Plaintiff is asserting any non-ERISA or common law claims, such claims are preempted and barred by the Employee Retirement Income Security Act of 1974, as

11

amended.

8.      Plaintiff is not entitled to interest, attorney's fees, or costs.

9.      LINA reserves the right to amend its answer and rely on such other and further defenses as

may be supported by the facts to be determined.

Respectfully Submitted,

The Defendant,

LIFE INSURANCE COMPANY OF
NORTH AMERICA,

By its Counsel:

/s/Katherine R. Parsons
Katherine R. Parsons, Bar No.657280
CREVIER & RYAN, LLP
1500 Main Street, Suite 2316
Springfield, MA 01115-5727
Phone: (413) 787-2400;Fax: (413) 781-8235
Email: kparsons@crevierandryan.com

## CERTIFICATION

I hereby certify that on **October 16, 2023**, a copy of the foregoing Answer to the
Complaint was filed electronically and served by mail on anyone unable to accept electronic
filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's
electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the
Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

/s/Katherine R. Parsons